UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Jan F. Becker</u>

   v.                                         Civil No. 08-cv-185-SM

<u>Margaret Blighter, et al.</u>

**REPORT AND RECOMMENDATION**

Pro se petitioner Jan F. Becker has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his Ohio conviction and confinement (document no. 1). The petition is before me for preliminary review. <u>See</u> Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); <u>see also</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). For the reasons stated below, I recommend that the petition be dismissed for lack of subject matter jurisdiction.

Habeas Rule 4 provides, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss

the petition and direct the clerk to notify the petitioner."  In accordance with this rule, the instant petition must be dismissed for failure to comply with the "immediate custodian" and "district of confinement" rules applicable to habeas petitions. See Rumsfeld v. Padilla, 542 U.S. 426, 435, 443 (2004)(holding that the proper respondent is the warden of the facility where the petitioner is being held, and that jurisdiction for core habeas petitions challenging present physical confinement lies only in the district of confinement).  Becker is currently incarcerated at the Marion Correctional Institution in Marion, Ohio.  Thus, the sole proper respondent in this action is the warden of that facility.  Id. at 435.  In addition, this Court is not the proper venue for the petition because Becker is neither detained in this district nor challenging a sentenced imposed by the State of New Hampshire.  Id. at 443.

   While this Court has discretion to dismiss the petition or, "if it be in the interest of justice," to transfer it to the appropriate court, 28 U.S.C. § 1406(a), a transfer to the United States District Court for the Northern District of Ohio would be futile.  The record reveals that Becker has previously filed similar and numerous unsuccessful petitions in the Ohio federal courts and other courts throughout the United States.  See Becker

v. Hudson, No. 8:07-cv-372, 2007 WL 3376751, slip op. at * 1 (D. Neb. Nov. 8, 2007).  Furthermore, the United States District Court for the Northern District of Ohio has enjoined Becker from filing lawsuits in that district without first obtaining leave of the court.  Id.  For the foregoing reasons, I recommend that the petition be dismissed for lack of subject matter jurisdiction.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this report and recommendation, or by properly moving to amend the petition.

Any further objections to this report and recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete,

792 F.2d 4, 6 (1st Cir. 1986).

                                                                /s/ James R. Muirhead
                                                                James R. Muirhead
                                                                United States Magistrate Judge

Date: May 19, 2008

cc:   Jan F. Becker, pro se